IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARRIS NEWMAN | : | CIVIL ACTION |
| | : | |
| v. | : | No. 15-213 |
| | : | |
| WAYNE J. GAVIN, et al. | : | |

## ORDER

AND NOW, this 17th day of October, 2016, upon careful consideration of Petitioner Harris Newman's pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, and after independent review of the Report and Recommendation of United States Magistrate Judge Marilyn Heffley and Newman's objections thereto, it is ORDERED:

1. Newman's Application for a Stay and Abeyance (Document 6) is DENIED as moot[1];

---

[1] On May 11, 2011, Newman, a former licensed physician, entered a plea of *nolo contendere* as to various charges brought against him by the Bucks County District Attorney's Office in connection with his distribution of controlled substances. *See Commonwealth v. Newman*, CP-09-CR-0001509-2011, Crim. Docket at 4-8. A month later, the trial court sentenced Newman to concurrent sentences of seven and one-half to fifteen years of imprisonment on five counts of delivery or possession with intent to deliver a controlled substance, three to ten years of imprisonment on a sixth count of delivery or possession with the intent to deliver a controlled substance, and concurrent sentences of ten years of probation on six counts of improper administration of a controlled substance by a practitioner. *Id.*

On January 5, 2012, Newman filed a pro se petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9541 et seq. *Id.* at 13. The state court denied his petition on April 24, 2013. *Id.* at 18. Newman appealed, and the Pennsylvania Superior Court affirmed the denial on July 2, 2014. Four months later, the Pennsylvania Supreme Court denied review. *Id.* at 21. On January 13, 2015, Newman filed a pro se federal habeas petition challenging the legality of his sentence and trial counsel's effectiveness. Newman then filed a second PCRA petition on August 13, 2015, challenging his sentence pursuant to the Pennsylvania Supreme Court's June 15, 2015, decision in *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015). On August 19, 2015, Newman filed in federal court an application requesting the instant stay and abeyance of his habeas petition until his second PCRA petition had been ruled on in state court.

On August 31, 2015, Judge Heffley issued a Report and Recommendation thoroughly addressing each of Newman's claims, and recommending his petition be denied and his request

    2.      Newman's objections (Document 12) are OVERRULED[2];

    3.      The Report and Recommendation (Document 8) is APPROVED and ADOPTED;

    4.      Newman's Petition for Writ of Habeas Corpus (Document 1) is DISMISSED; and

    5.      There is no basis for issuance of a certificate of appealability.

The Clerk of Court is DIRECTED to mark this case CLOSED.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

for a stay be denied because Newman's second PCRA petition was time-barred. On March 1, 2016, at Newman's request, the PCRA court withdrew and dismissed his second PCRA petition. *See Commonwealth v. Newman*, CP-09-CR-0001509-2011, Crim. Docket at 24. Five weeks later, Newman filed a Motion for Reconsideration of Sentence in state court, and the following month, the court denied his motion as untimely. *See id.* (stating under Pa. R. Crim. P. 720(A), a written post-sentence motion must be filed no later than ten days after imposition of sentence). The court found that because Newman was sentenced on June 11, 2011, and he failed to allege illegality or defect in sentencing until April 6, 2016, his motion for reconsideration of sentence was untimely.

    Because he withdrew his second PCRA petition, and his motion for reconsideration of sentence was denied, Newman's request for a stay is moot.

[2] In his objections to the Report and Recommendation, Newman addresses only his petition for stay and abeyance. Because his request is denied as moot, and in the absence of any other objections, after careful and independent consideration of Newman's petition, the Court adopts the Report and Recommendation in full.